**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK GITHINJI MAINA, | No. 06-70311 |
| Petitioner, | Agency No. A095-592-434 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Patrick Maina applied for asylum, withholding of removal, and relief under

the Convention Against Torture (CAT). He petitions for review of the Board of

Immigration Appeals' final order of removal. We have jurisdiction under 8 U.S.C.

§ 1252(a)(1), and we grant the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Maina is a Kenyan citizen who was arrested by police for working on behalf of Democratic Party candidates against local politicians in 1992 and 2001. The BIA assumed that Maina's arrests constituted past persecution, and presumed that Maina had a well-founded fear of future persecution. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 997 (9th Cir. 2003). The BIA properly placed the burden on the government to rebut that presumption, *see* 8 C.F.R. §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii), but concluded that the government had successfully done so.

The BIA first held that the government had shown a fundamental change in circumstances. In 2002, a coalition of opposition parties won Kenya's presidency and a majority of seats in its parliament. Maina claims that despite those changes, he fears persecution at the hands of local politicians and police who remain in power. The BIA concluded that Maina's fear was unfounded because his father was appointed to a powerful civil service position after the 2002 elections. However, Maina's father had been unable to prevent his arrest in 2001, despite holding an equivalently powerful position at the time. The BIA also observed that the new President appoints local civil servants, but Maina feared persecution by local police and elected politicians, not civil servants. Moreover, the State Department reports that local officials continue to intimidate political opponents. Accordingly, any rational trier of fact would conclude that the government did not

-2-

meet its burden to show a fundamental change in circumstances. *See*

*Gonzalez-Hernandez*, 336 F.3d at 998.

The BIA also held, without separate analysis, that Maina could safely and

reasonably relocate within Kenya. Given the lack of analysis, we look to the IJ's

oral decision for guidance. *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.

2000). The IJ ruled that Maina's father could protect him if he relocated to

Mombasa, where his father's civil service position was located. As Maina's father

had been unable to protect him in Nairobi, there is no reason to believe that

Maina's father will be able to use the same position to protect him in Mombasa.

The IJ also speculated that Maina could avoid the local police who had persecuted

him by moving from Nairobi to Mombasa. However, the government presented no

evidence to that effect, and it bore the burden of proof. *See* 8 C.F.R. §§

1208.13(b)(1)(ii), 1208.16(b)(1)(ii). Furthermore, the government presented no

evidence that it was reasonable for Maina to relocate his family to Mombasa. *See*

*Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004). The BIA therefore erred in

concluding that the government met its burden to show that Maina could relocate

within Kenya.

The government did not rebut the presumption that Maina had a well-

founded fear of future persecution, and the government acknowledged at argument

-3-

that, given the BIA's credibility finding, Maina has proven past persecution. We

remand to the BIA for the Attorney General to exercise his discretion under 8

U.S.C. § 1158(b) as to whether to grant asylum, and for an appropriate order

withholding removal of Maina. *See Baballah v. Ashcroft*, 335 F.3d 981, 992 (9th

Cir. 2003).

With respect to Maina's application for CAT relief, the BIA stated, without

separate analysis, that Maina had not shown a likelihood that he would be tortured.

Maina's CAT claim asserts a likelihood of torture based on the same political

activities protected under asylum regulations. However, the IJ's analysis of the

issue was incomplete. It did not address Maina's 1992 arrest or the combined

effect of both arrests, and it improperly relied on Maina's father's position to

conclude that Maina would not be tortured if he relocated. We therefore remand

Maina's claim for CAT relief to the BIA for reconsideration.

The petition for review is GRANTED; REMANDED.